ORDERED that plaintiffs' motion to suspend the cases on the attached schedule pending final determination of *United Merchants, Inc.* v. *United States*, Court No. 70/29939, *supra*, is granted.

(C.R.D. 72–9)

THE RUBBERSET COMPANY
THE SHERWIN-WILLIAMS COMPANY } *v.* UNITED STATES

(Dated May 9, 1972)

*Barnes, Richardson & Colburn* (*Rufus E. Jarman, Jr.*, of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Martin Kirshner*, trial attorney), for the defendant.

---

[12] For this reason I do not adopt the approach taken in *E. F. Sutton, Inc., et al.* v. *United States*, 68 Cust. Ct. 353, C.R.D. 72–3 (1972).

WATSON, Judge: Defendant has moved to dismiss the complaint for failure to state a cause of action, a motion not specifically set out in the rules of this court but one I would not hesitate to entertain and grant pursuant to Rule 1.1(b) [1] if the circumstances so required.

Plaintiffs are seeking relief pursuant to item 807.00 of the Tariff Schedules of the United States,[2] thus claiming in effect that the value of certain components made in the United States should be deducted from the dutiable value of the importation. The specific shortcoming claimed by defendant is a failure by plaintiffs to allege in the complaint that they have complied with the customs regulations which are a prelude to the tariff treatment they desire.[3]

I am of the opinion, for the reasons set out below, that defendant's motion should be denied on the ground plaintiffs have successfully stated a claim for which relief may be granted.[4]

This happens to be one of a diminishing number of actions which was received by the court in protest form prior to October 1, 1970, the effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules. In accordance with Rule 14.9(d) such actions are deemed to have had summonses timely and properly filed.

Since no summons was actually filed, I must look to the complaint for the adequacy of the claim. The basic claim is contained in the first portion of the complaint up to and including paragraph 7. This, together with certain information from the protest, to which the indicated circumstances require reference, identifies the importation, its tariff treatment, the unsuccessful attempts to change that treatment at the administrative level and the tariff treatment desired. This information comprises an adequate statement of a claim for relief.

---

[1] Rule 1.1(b) : "* * * Where, in any proceeding or in any instance, there is no applicable rule of procedure, the judge or judges, before whom the action is pending, may prescribe the same."

[2] 807.00 Articles assembled abroad in whole or in part of fabricated components, the product of the United States, which (a) were exported in condition ready for assembly without further fabrication, (b) have not lost their physical identity in such articles by change in form, shape, or otherwise, and (c) have not been advanced in value or improved in condition abroad except by being assembled and except by operations incidental to the assembly process such as cleaning, lubricating, and painting _____ A duty upon the full value of the imported article, less the cost or value of such products of the United States (see headnote 3 of this subpart).

[3] The parties seem to be under the impression that if plaintiff need not specifically allege compliance it need not prove it, on the theory that plaintiff must allege whatever it must prove. As should become clear in this memorandum opinion, this is true of those allegations which are indispensable to the statement of a claim. They, of course, must be alleged. It is *not* true as to those elements of proof such as compliance with regulations, which are subsumed into the basic allegations.

Plaintiff has the burden of proof on this matter. *Madeline Britton, V. A. Lessor & Co.* v. *United States,* 29 Cust. Ct. 314, C.D. 1485 (1952). This is so, not because it must be alleged but because it is part of the more comprehensive burden arising from its fundamental allegation of the applicability of item 807.00.

[4] I prefer to discuss this matter in terms of "stating a claim" rather than "stating a cause of action" so as to develop analyses based on the usage in the Federal Rules of Civil Procedure wherever appropriate. See Wright & Miller, Federal Practice and Procedure: Civil § 1216.

Lest my examination of the complaint for the adequacy of the statement of a claim give rise to a misconception of my views, I must make the following clarification. Ordinarily, the claim will be stated in the summons and will consist of exactly those elements I have, in this instance, extracted from the complaint and protest. So long as the summons is complete, a proper claim for relief has been made, the action has been "stated" and remains viable.

An action, as embodied in the summons may be submitted for judgment [5] or otherwise disposed of,[6] such as through consolidation or suspension, without a complaint ever being filed. The dismissal of a complaint *qua* complaint, cannot terminate the action in this court, as long as it has been perfected in a summons. If an action therefore remains "alive" without a complaint or even after the complaint has been dismissed that must mean the "cause of action" or "claim" or whatever we wish to call the quintessential legal core is not contained in the complaint. It follows, then, that our summons is a document which most resembles a complaint in other federal courts.

It is a source of regret to me that its true nature has been obscured by the name "summons." [7] Admittedly it has the distinguishing characteristic of allowing an action to remain dormant for reasons peculiar to this practice.[8] Perhaps it was the strained analogy between this potential state of dormancy and the absence of legal content in the ordinary summonses in other courts which led to the use of the title "summons." Be that as it may the summons in this court, in addition to its usual role of giving notice to the defendant of the pendency of an action, has palpable legal content as the vehicle by which an action is commenced. In sum, what has emerged from the statutory requirement that an action in this court be commenced by the filing of a summons [9] and the content required therein by the rules of the court [10] is a document which is in all respects at least the equal of a summons and complaint in any other court. In my opinion it was intended to serve the role of a complaint with the one special characteristic of permitting the action to remain quiescent.[11]

---

[5] Rule 8.1.

[6] See Rules 8.3. 10.3. 14.6, 14.7 and 14.8.

[7] I am reminded of the riddle attributed to President Abraham Lincoln. "If you call a tail a leg, how many legs has a dog? Five? No, calling a tail a leg don't *make* it a leg." (Italics quoted.) John Bartlett, *Familiar Quotations,* Little, Brown and Company (13th edition, 1955) page 542. In the same manner calling a complaint a summons does not make it a summons.

[8] Among these reasons are the avoidance of burdensome, repetitive litigation for plaintiffs who are repeatedly disputing the customs treatment of one type of importation and the desire to make the suspension procedures set out in Rule 14.7 workable, requiring only a test case to go through the full trial process while those suspended under it remain in summons form.

[9] Sec. 2632(a). Customs Courts Act of 1970, Pub. L. 91–271.

[10] See Rule 3.4.

[11] See Rule 14.6.

The "complaint" in this court differs completely from the complaint in other federal courts. It is more in the nature of a notice of intention to proceed to litigation combined with a modified bill of particulars. It is a document designed to rouse an action from hibernation by reiterating the basic claim, providing a somewhat more explicit statement of that claim, triggering defendant's obligation to answer and setting in motion the disposition of the action. It is manifestly *not* the document which first commences the action, tolls the statute of limitations and states the claim. Hence it will be inappropriate to attack the complaint for failure to perform a task for which it is not intended and upon the performance of which the existence of the action does not depend. Only in the remaining "summonsless" cases can such attacks be made and even then only on grounds which would constitute deficiencies in the statement of a claim in the summons.

I wish, nevertheless, to raise on my own the question of whether plaintiff must supply the allegation of compliance with customs regulations, not to state a claim, but simply to conform to the requirement of Rule 4.5(c)(3) that the complaint set forth "concise allegations of plaintiff's contentions of fact and law in support of the [claim]." This would be the question raised had defendant made what I feel is the only correct motion in these circumstances; a motion to compel plaintiff to comply with Rule 4.5(c)(3).

I am convinced this rule does not require a detailed elaboration of plaintiff's case and certainly does not demand a step by step outline of plaintiff's theory and proof. Such detail as defendant demands is properly obtainable by the generous methods of discovery provided for in the rules.[12]

In addition, requiring such detail would be entirely at variance with the tendency of modern federal procedure to eliminate such requirements and rid the courts of the insuperable and unproductive disputes which detailed pleadings engendered.[13]

It would be ironic if this court, at the very moment when it is benefiting from the modernizing effect of new legislation and endeavoring to fashion efficient and expeditious procedures, became caught in the morass of motions directed to the sufficiency of pleadings from which other federal courts have recently escaped.[14] We would then find ourselves excessively occupied in the perfection of pleadings, repeatedly allowing plaintiff to amend (as would be the usual just course),[15] all

---

[12] See Rules 6.1, 6.2, 6.3 and 6.4.

[13] See generally, Wright & Miller, Federal Practice and Procedure: Civil § 1219, § 1220.

[14] See generally, Wright & Miller, op. cit. § 1202, § 1215, § 1374, § 1375.

[15] *Conway* v. *Slaughter*, 440 F.2d 1278 (9th Cir. 1971) ; *Byrd* v. *Bates*, 220 F.2d 480 (5th Cir. 1955) ; *Karlinsky* v. *New York Racing Ass'n. Inc., et al.*, 310 F. Supp. 937 (D.C.N.Y. 1970).

this bringing us no closer to a resolution of the dispute and subverting the discovery process.

For these reasons, I consider the "concise allegations" required by Rule 4.5(c) (3) to be no more than is necessary to make plain plaintiff's claim, far closer to a well-phrased reiteration of its basic claim than to a detailed recitation of the elements of its proof and the entire sequence of the case it intends to present.

In this particular situation, I consider paragraph 8 of the complaint to be adequate compliance with Rule 4.5(c) (3). That paragraph alleges that "[t]he error in the above Customs decision is the failure to deduct the cost of value of the nylon filament or bristle components from the full value of the imported articles in applying the duty provided by TSUS item 807.00."

For the above reasons, it is hereby

ORDERED, that defendant's motion to dismiss be and the same hereby is, denied.