(C.R.D. 73–13)

STAHLWOOD TOY MFG. CO., INC. *v.* UNITED STATES

Court No. 68/1206 and 33 others

(Dated June 22, 1973)

*Serko & Sklaroff* (*Murray Sklaroff, Joel K. Simon* and *Irving A. Mandel* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*Saul Davis,* trial attorney), for the defendant.

LANDIS, Judge: This is one of ten or more similar motions seeking relief from orders entered during the March 1973 motion part of this court.

In this motion, selected for discussion, counsel for plaintiff seek a rehearing and reconsideration (rule 12.1) of an order entered March 27, 1973, which said order had granted defendant's motion that certain allegations made in approximately 34 complaints be made more definite and certain.[1] The order directed plaintiff to amend the com-

---

[1] The order granting the motion covered a schedule of approximately 34 cases identified in defendant's motion for more definite statement. The schedule is attached to and made a part of the order entered on this memorandum opinion.

plaints and, *inter alia*, make more definite the allegations with respect to the merchandise and rates of duty referred to in the complaints.

Counsel for plaintiff have further requested opportunity to orally argue the motion and for leave to appeal should the motion be denied. A memorandum and affidavit are submitted in support of the motion. Defendant has filed a memorandum in opposition to plaintiff's motion.

Going back over the matter which plaintiff has asked be reconsidered, it is apparent that the complaints filed represent part of the belated and concerted effort of counsel to remove the cases covered by the complaints, along with a multitude of other cases, from the reserve files of this court to avoid their dismissal (rule 14.6(c)), see, *Bendix Mouldings, Inc., et al.* v. *United States,* 70 Cust. Ct. 343, C.R.D. 73–6 (1973) (wherein some 177,000 causes of action pending before this court and placed in the reserve file were alluded to).

In style, form, and content the several complaints appear to be the product of standard complaints couched in general statements, drafted to cover, in whole or in part, one or more sundry items of merchandise and rates of duty applying to groups of cases. The standard complaints, after being reproduced in sufficient number, were then filed in individual cases. The complaint in each case requires reference to the official entry papers to determine which item or items of merchandise, and which rate or rates of duty stated in the complaint are specifically applicable to the case in which the complaint was filed. As heretofore indicated, defendant moved that the complaints be amended and made more definite and certain in a form that complied with rules 4.3(b) and 4.5B, asserting that the complaints do not comply with said rules and that it could not properly answer the complaints in a manner that would narrow the issues for trial.

Counsel for plaintiff, in its memorandum in support of the instant motion for rehearing and reconsideration, assert that after entry of this court's order directing that each of the complaints be made more definite and certain, defendant [without the benefit of a prior motion to make definite and certain] "nevertheless was able to answer eighty-eight complaints, similar in all material respects to those here in issue". (Page 2, plaintiff's memorandum.) Plaintiff has attached to its memorandum the following: a copy of the complaint in *A. S. Beck Shoe Corp.* v. *United States,* Court No. 70/66560, alleged to be similar to those filed in these cases; a copy of defendant's answer to the Beck Shoe complaint; a list of the eighty-eight cases wherein defendant filed answers to complaints allegedly not substantially different from those in these cases.

Defendant, in opposition to plaintiff's present motion, concedes that it [defendant], without having filed a prior motion to make more definite and certain, filed answers to similar complaints as are involved

at bar. Defendant, nevertheless, contends that this "is not sufficient" to support plaintiff's motion "inasmuch as plaintiff was aware of this fact [that answers had been filed] at the time it filed its opposition to defendant's motions for more definite statements, *and alleged* [emphasis quoted] it in its memoranda in opposition to defendant's motions for more definite statements * * *." (Page 4, defendant's memorandum.) Defendant further allows that the complaint in *Beck Shoe* is different from the complaints in these scheduled cases because the merchandise subject of *Beck Shoe* is clearly set forth and the various rates of duty are tied to the years of importation.

It is not possible to assess the merits of defendant's assertion that the complaints in these cases are different from the *Beck Shoe* complaint without examining the complaints, in each of the approximately 34 cases. Since defendant did not draw the motions for more definite statement in terms of individual cases, the broad assertions of both sides may or may not apply in any individual case. Whatever plaintiff may have alluded to in its opposition to defendant's motion for more definite statement, in my opinion, is irrelevant because it did not relate to defendant's ability to answer complaints in other cases containing general allegations with respect to sundry merchandise and rates of duty. The *Beck Shoe* complaint is substantially similar in form and style to the complaint in Court No. 68/1206, which is the lead case covered by this memorandum opinion. The *Beck Shoe* complaint differs only in the allegations describing the merchandise and setting forth the rates of duty assessed.

The positions taken by the parties in the matter of the related motions for more definite statement and for rehearing are based, not so much on the specifics of any of the approximately 34 individual cases, as on broad general concepts of defendant's right to compel the opposing party to file complaints complying with the court rules, and the plaintiff's cry that under the court rules its complaints should be assessed for their substance rather than form. There is little doubt that the substance of a complaint can be materially clouded by a lack of adherence to requirements as to its form. This being so, in my previous order granting defendant's motion to make the complaints more definite and certain, I leaned to the position that where counsel, particularly those who regularly practice before this court, are seeking relief for their clients in complaints they have filed, they should respect and observe, in form and content, the pertinent requirements of the rules of the court applicable thereto.

As of October 31, 1970, approximately 177,000 cases were pending in the "Reserve File" of the court, as heretofore indicated. The disposition of those cases acknowledgedly posed difficult problems for

various counsel representing respective plaintiffs therein, including counsel for plaintiff at bar. The filing of complaints in an inordinately great number of cases by a specified date was required or plaintiff would have suffered their dismissal. The court rules are not unnecessarily rigid tools. They are not intended to create problems of compliance but rather to assist the court and parties in matters pending before the court. Where a party encounters unusual circumstances making compliance with a particular court rule difficult, if not impossible, it would be, in my opinion, a desirable practice to ask the court for relief in the particular case or cases. It does not redound to the credit of counsel regularly practicing in the court that, without proper prior application to the court, the complaints in these approximately 34 cases were filed without strict adherence to the court rules. *Bendix Mouldings, Inc., et al.* v. *United States, supra.*

On the other side of the coin, as it now comes out for the first time in this motion for rehearing, it appears that at about the same time the defendant won the approval of the court to have the complaints in these approximately 34 cases made more definite and certain, defendant, without similar motion to make definite and certain, did in fact file answers to complaints allegedly substantially similar to the complaints herein. Defendant's memorandum in opposition attempts to avoid but does not traverse that fact.

This inconsistent position taken by defendant [the government], in my opinion, amounts to a negation of the defendant's earlier contention as to the merit of its motion to make definite and certain. To the extent that it hampers litigation and unnecessarily slows the work of the court I cannot approve, with respect to complaints which are substantially in the same form, inconsistent acts not appearing to be patently distinguishable.

In closing this discussion, the manner in which counsel for both sides have proceeded in the matter of these complaints and related motions points up the fruitlessness of counsel attempting in court to ventilate their proficiency in the exercise of legal gamesmanship in a manner doing credit to neither.

Upon reconsideration, therefore, I am of the opinion that by reference to the official entry papers and the various items of merchandise and rates of duty recited in the complaint, the complaints in many of these cases can be answered and the controversy limited to such items of merchandise and rates of duty which, as recited in the complaint, can be identified in the official entry papers covered by the complaint.

Accordingly, order will enter granting the motion for rehearing and vacating and setting aside the previous order that the complaints be

made more definite and certain, denying the motion for more definite statement, without prejudice, and directing defendant to answer the complaints filed in these cases or to take such other action as may be appropriate in the circumstances of an individual case or listed group of cases, the latter, on affidavit that the facts in the group of cases are the same in all material respects as the facts in the titled lead case identified on a schedule listing said group of cases.