## MITSUBISHI INTERNATIONAL CORP.

v.

## UNITED STATES.

C.R.D. 73–19; Court Nos. 68/64086, etc.

United States Customs Court.

Sept. 28, 1973.

454

OPINION AND ORDER ON DEFEND-
ANT'S MOTION FOR A MORE
DEFINITE STATEMENT

NEWMAN, Judge:

Defendant's motion, pursuant to rule 4.7(d), for an order directing plaintiff to make its identical complaints in these protests more definite and certain, is granted.

The complaints challenge the Government's assessment of duty on certain imported footwear at the rate of 37.5 per centum ad valorem under item 700.53 of the Tariff Schedules of the United States (TSUS), and assert that the merchandise is properly dutiable at the rate of 11 per centum ad valorem pursuant to item 700.55, TSUS, which reads as follows:

> Footwear (whether or not described elsewhere in this subpart) which is over 50 percent by weight of rubber or plastics or over 50 percent by weight of fibers and rubber or plastics with at least 10 percent by weight being rubber or plastics:
>
> \* \* \* \* \* \*
>
> Other footwear (except footwear having uppers of which over 50 percent of the exterior surface area is leather):
>
> 700.55 Having uppers of which over 90 percent of the exterior surface area is rubber or plastics (except footwear having foxing or a foxing like band applied or molded at the sole and overlapping the upper) ..... \* \* \*

Defendant contends that the complaints are defective and require amendment, inasmuch as they do not allege that the subject merchandise is not described by the exclusionary clause: "except footwear having foxing or a foxing like band applied or molded at the sole and overlapping the upper".

Plaintiff opposes the motion on the ground that defendant is seeking through rule 4.7(d) to obtain information which properly should be sought through discovery. Plaintiff also insists that its paragraph "SIXTH" in the complaints, which alleges that the merchandise is properly dutiable under item 700.55, constitutes an allegation that the footwear in question does not have foxing or a foxing-like band applied or molded at the sole and overlapping the upper.

Lane, Young & Fox, New York City (John S. Rode, New York City, of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (Steven P. Florsheim, New York City, trial atty.), for defendant.

■ Although defendant has not specifically requested that the complaints be ordered amended to comply with rule 4.5B, I consider such relief to be the tenor of defendant's motion. In my view, the complaints fail to comply with the requirement of rule 4.5B(8) that they set forth "concise allegations of plaintiff's contentions of fact and law in support of his position". Specifically, as pointed out by defendant's motion, the complaints fail to allege any facts relevant to the exclusionary language in item 700.55, TSUS, alluded to above.

■ Plaintiff urges that by setting forth the claimed tariff description in paragraph "SIXTH" of the complaints it has alleged that the footwear does not have foxing or a foxing-like band. I am unable to agree. The provisions of rule 4.5B(8) are not met merely by quoting the tariff description previously claimed applicable to the imported merchandise in the protest or summons. Defendant, in framing its answer, should not be required to derive by supposition or inference the plaintiff's factual and legal contentions from a mere tariff description. The office of the pleadings in this court (in conjunction with other procedures) is to aid in delineating and narrowing the factual and legal issues. Of course, rule 4.5B(8) does not require plaintiff to detail the evidence that it intends to present at the trial nor to argue questions of law. In sum, rule 4.5B(8) requires plaintiff to concisely allege in the complaint only the contentions of fact and law relied upon in support of his case; and failure to so plead in compliance with that rule gives defendant a right of relief by way of a motion for a more definite statement. Neither the defendant nor the court should be called upon to cull out of the statutory description claimed applicable by plaintiff the essential allegations of fact and law. Thus, paragraph "SIXTH" in the complaints, merely quoting the provisions of item 700.55 claimed by plaintiff, complies with rule 4.5B(7) [1] but not with rule 4.5B(8).

Plaintiff's contention that defendant is attempting through a motion for a more definite statement to obtain discovery is without merit. It is clear that what defendant seeks to learn before filing its answers to the complaints is plaintiff's position with reference to the exclusionary clause, viz.: whether or not plaintiff contends that the merchandise has foxing or a foxing-like band applied or molded at the sole and overlapping the upper. Learning plaintiff's position relative to such exclusionary clause should not have to be obtained by discovery.

In support of its opposition to defendant's motion, plaintiff relies upon The Rubberset Company, The Sherwin-Williams Company v. United States, 68 Cust.Ct. 370, C.R.D. 72–9, 342 F.Supp. 749 (1972), wherein the Government moved to dismiss the complaint for failure to state a cause of action. In overruling the Government's motion, Judge Watson discussed in dictum whether the complaint in that case complied with rule 4.5(c)(3) [4.5B(8)], as follows (68 Cust.Ct. at 373–374, 342 F.Supp. at 752):

> I am convinced this rule does not require a detailed elaboration of plaintiff's case and certainly does not demand a step by step outline of plaintiff's theory and proof. Such detail as defendant demands is properly obtainable by the generous methods of discovery provided for in the rules.

> In addition, requiring such detail would be entirely at variance with the tendency of modern federal procedure to eliminate such requirements and rid the courts of the insuperable and unproductive disputes which detailed pleadings engendered.

---

1. Rule 4.5B(7) states: "The complaint in a protest shall set forth: * * * (7) where appropriate, the tariff description and the paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise is claimed to be properly subject to classification and the rate of duty claimed to be applicable".

It would be ironic if this court, at the very moment when it is benefiting from the modernizing effect of new legislation and endeavoring to fashion efficient and expeditious procedures, became caught in the morass of motions directed to the sufficiency of pleadings from which other federal courts have recently escaped. We would then find ourselves excessively occupied in the perfection of pleadings, repeatedly allowing plaintiff to amend (as would be the usual just course), all this bringing us no closer to a resolution of the dispute and subverting the discovery process.

For these reasons, I consider the "concise allegations" required by Rule 4.5(c)(3) to be no more than is necessary to make plain plaintiff's claim, far closer to a well-phrased reiteration of its basic claim than to a detailed recitation of the elements of its proof and the entire sequence of the case it intends to present.

For emphasis, distilling the third paragraph of the foregoing portion of Judge Watson's opinion, I wholeheartedly agree that:

It would be ironic if this court, at the very moment when it is benefiting from the modernizing effect of new legislation and endeavoring to fashion efficient and expeditious procedures, became caught in the morass of motions directed to the sufficiency of pleadings from which other federal courts have recently escaped. * * *

By the praiseworthy Customs Courts Act of 1970, P.L. 91–271, Congress expressly intended "to improve the judicial machinery in customs courts". I certainly have no desire to erect burdensome obstacles by encouraging or fostering the unnecessary filing of motions challenging the sufficiency of complaints which could excessively occupy the time and attention of both counsel and the

court to the detriment of expeditiously resolving the real issues in the case. Nevertheless, requiring compliance with the requisites of complaints as set forth in rule 4.5 should aid in narrowing the issues at an early stage of the litigation and thus conserve the time and attention of both counsel and the court.

In *Rubberset,* Judge Watson accurately noted the modernizing effect of the new legislation (Customs Courts Act of 1970) and the court's endeavor to fashion efficient and expeditious procedures. In this connection, I point up some examples: the new legislation eliminated the time-consuming requirements of three judge panels in classification cases (with rare exceptions), remands in protest cases for determination of value, and appellate term reviews of reappraisement decisions. However, insofar as pleadings are concerned, it should be stressed that the court's present rules (effective October 1, 1970 concurrently with the Customs Courts Act) have newly created a formal pleading and motion practice that were nonexistent under the court's former rules of practice. Indeed, under the prior practice of this court there were no complaints and answers filed before trial. Consequently, under that former practice there developed much uncertainty concerning the factual and legal contentions of the parties, and difficulty for the court in narrowing the issues. Thus, it was the plain intent and objective of the new rules of pleading to require the plaintiff in his complaint to concisely allege the contentions of fact and law in support of his position, so that after a responsive answer by the defendant the legal and factual issues would be clear, particularized and narrowed. If the plaintiff may simply reiterate in the complaint the basic claim previously set forth in the summons, it would defeat the objective of the rules for providing, in addition to a summons,

the special kind of complaint specified in rule 4.5B.[2] While plaintiff's complaints here may satisfy the theory of "notice pleading" prevailing in some other federal courts, they do not comply with the clearly expressed requirements of our rule 4.5B(8). Our rule follows neither the language nor the theory of pleading provided in rule 8 of the Federal Rules of Civil Procedure, and hence the construction of the latter rule by the federal district courts has no bearing on a complaint in this court.

■ In summary, a mere reiteration in the complaint of the basic claim set forth in the protest or summons does not comply with the requirements of rule 4.5B(8), and such complaint cannot withstand a motion for a more definite statement pursuant to rule 4.7(d).

■ Finally, plaintiff contends that it was the intent of rule 4.7(d) that the defects subject to correction would be limited to those making the pleadings in which they appear so ambiguous or unclear as to make understanding for purposes of a responsive pleading unreasonably difficult or impossible. In this connection, it should be noted that unlike

rule 12(e) of the Federal Rules of Civil Procedure, rule 4.7(d) of this court does not contain any language limiting its application to only those instances where the pleading complained of is so vague or ambiguous that a proper response cannot be framed.[3] The omission of such limiting ground for a more definite statement in the Customs Court Rule was presumably intentional and is highly significant. Accordingly, the court may require compliance by plaintiff with rule 4.5B pursuant to a motion for a more definite statement whether or not the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading".

For the foregoing reasons, defendant's motion is granted. Plaintiff shall serve and file an amended complaint within thirty days after service of a copy of this order in each of the actions enumerated on the schedule attached hereto, containing a more definite and certain statement, alleging whether or not the footwear, the subject of the actions, has foxing or a foxing-like band applied or molded at the sole and overlapping the upper thereof.

---

2. Judge Watson's illuminating discussion in *Rubberset* affecting the summons and complaint under the Customs Courts Act of 1970 and our new implementing rules observes:

"The 'complaint' in this court differs completely from the complaint in other federal courts. It is more in the nature of a notice of intention to proceed to litigation combined with a modified bill of particulars". The Rubberset Company, The Sherwin-Williams Company v. United States, 68 Cust.Ct. 370, 373, C.R.D. 72-9, 342 F.Supp. 749, 752 (1972).

Compare, rule 35 of the United States Court of Claims (rev. 9/1/69), which sets forth the special requisites of a petition in that court.

3. Rule 12(e) of the F.R.Civ.P. reads: "(e) *Motion for More Definite Statement.* If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * * "

Rule 4.7(d) of the Customs Court reads: "(d) *Motion for More Definite Statement*: Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * * "