(C.D. 4484)

KURT S. ADLER, INC. *v.* UNITED STATES

Court No. 69/40288

(Dated November 20, 1973)

*Serko & Sklaroff* for the plaintiff and Parksmith Corp.

*Irving Jaffe*, Acting Assistant Attorney General (*David B. Greenfield*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaint filed in this action, which is captioned "PARKSMITH CORP., Plaintiff v. UNITED STATES, Defendant".[1] The basis of defendant's motion is that Parksmith Corp. is not the plaintiff in this action, and hence was not authorized to file the complaint pursuant to rule 4.4. No opposition or other response to the motion has been filed on behalf of either Parksmith Corp. or Kurt S. Adler, Inc., importer of record who filed this protest.

The court's file reveals that on February 2, 1973 defendant filed a motion to dismiss the instant complaint on the very same ground as is

---

[19] See also, *op. cit.* n. 9 re Brussels Nomenclature heading 85.01.

[20] See, *Summaries of Trade and Tariff Information* (1969), Schedule 6, Vol. 10, at 129–131.

[1] Defendant's motion papers are similarly captioned.

now asserted in its present motion to strike the complaint. The prior motion was among approximately 200 motions to dismiss various complaints and actions which were denied in a single memorandum and order by Chief Judge Boe, dated February 27, 1973. *Bendix Mouldings, Inc., et al.* v. *United States*, 70 Cust. Ct. 343, C.R.D. 73–6 (1973).[2] However, Chief Judge Boe also entered the following order: "[P]laintiffs shall have a period of 10 days from and after the entry of this order to correct, by amendment, any omissions in their complaints referred to in defendant's motions to dismiss [viz., proper party-plaintiff]". Insofar as striking or dismissing the complaint for failure to show the proper party-plaintiff, the order of February 27, 1973 is the law of the case. Cf. *Delaware Watch Co., Inc.* v. *United States*, 64 Cust. Ct. 659, R.D. 11698, 311 F.Supp. 1320 (1970).

More than eight months have elapsed from the entry of the prior order on February 27, 1973, and plaintiff has failed to file an amended complaint. No extension of time has been requested by plaintiff to file an amended complaint and, as noted above, defendant's present motion is unopposed. Under all the circumstances herein, I deem it appropriate *sua sponte* to treat defendant's motion to strike the complaint as one to dismiss the action for failure to comply with the court's order of February 27, 1973 and for lack of prosecution pursuant to rules 8.3(b)(3) and 8.3(b)(4). Such motion is granted, and the action is hereby dismissed.

(C.D. 4485)

---

[2] Court No. 69/40288 is listed on "Schedule G" which covers "[m]otions to dismiss the complaints made with regard to cases due to be removed by October 31, 1972, in which complaints have been filed in the names of plaintiffs which the Government alleges are not the proper party plaintiffs. * * *".