(C.R.D. 73–31)

KURT S. ADLER, INC., ET AL. v. UNITED STATES

Court Nos. 66/14633, etc.

(Dated November 30, 1973)

*Serko & Sklaroff* (*Joel K. Simon* and *Irving A. Mandel* of counsel) for the plaintiffs.

*Irving Jaffe*, Acting Assistant Attorney General (*Frank J. Desiderio*, trial attorney), for the defendant.

MALETZ, Judge: On May 14, 1973, defendant filed a motion, pursuant to rule 4.7(d), for a more definite statement in the form of amendments to each of 219 complaints. Plaintiffs interposed no objection to the motion and the court, accordingly, granted it on June 20, 1973. On July 18, 1973, plaintiffs filed (1) the present motion for rehearing, pursuant to rules 12.1(a) and (b), to set aside the court's order of June 20, 1973;[1] and (2) a motion for leave to take an interlocutory appeal, pursuant to rule 13.2(a), in the event the motion for rehearing to set aside the court's order of June 20, 1973 is denied.[2]

At the outset it is to be noted that all 219 complaints are identical, with the exception of an individually attached schedule A to each complaint which sets forth the Court No., the entry number and date, the date of liquidation, and the date and place where the protest was filed. Each of the attached schedule A's provides the foregoing information in the following form:

---

[1] Plaintiffs, it is to be observed, have failed to comply with rule 12.1(b) which requires that the moving party state clearly the grounds upon which that party relies for the granting of a rehearing. However, in light of the fact that the defendant has, in its memorandum of opposition, dealt in detail with the merits of plaintiffs' motion, and in view of the particular circumstances here presented, the court will, upon its own motion under rule 12.1(f), rehear the matter.

[2] Rule 13.2(a) provides in part that "[w]hen an interlocutory order issued by a judge * * * of the court includes therein a statement that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, * * * an application may be made to the Court of Customs and Patent Appeals for an appeal within 10 days after the entry of the order."

## SCHEDULE A

COURT No.:
ENTRY No. and DATE:
DATE OF LIQUIDATION:
DATE PROTEST FILED:
PLACE PROTEST FILED:    Customs Facilities,

Also pertinent to the present controversy are paragraphs 3 and 4 of each complaint, all of which read as follows:

The above named plaintiff * * * complaining against the above named defendant with respect to the matter enumerated on Schedule A annexed, alleges as a cause of action:

*       *       *       *       *       *       *

3. The merchandise described as pixies, figures of angels, mice, Santas and snowmen, with or without other words of description, was assessed with duty at 35% ad valorem (1967) or 31% ad valorem (1968) or 28% ad valorem (1969) or 24% ad valorem (1970) under Item 737.90, Tariff Schedules of the United States, as modified by the Geneva (1967) Protocol to GATT and Other Agreements, and Presidential Proclamation, T.D. 68–9, as toys, not specially provided for, or with duty at 35% ad valorem (1967) or 31% ad valorem (1968) or 28% ad valorem (1969) or 24% ad valorem (1970) under item 737.20, TSUS, as modified, *supra*, as dolls; or with duty at 35% ad valorem (1967) or 31% ad valorem (1968) or 28% ad valorem (1969) or 24% ad valorem (1970) under item 737.40, TSUS, as modified, *supra*, as other toy figures of animate objects.

4. It is claimed that the articles are properly classifiable as other articles not specially provided for, of rubber or plastic with duty at 17% ad valorem (1967) or 15% ad valorem (1968) or 13.5% ad valorem (1969) or 11.5% ad valorem (1970) under item 774.60, TSUS, as modified, *supra*.

Against this background, the court's order of June 20, 1973—which plaintiffs seek to set aside—directs that:

* * * within thirty days from the date of service of this order plaintiffs shall file a more definite statement in the form of an amended complaint for each and every protest number listed in the schedule annexed hereto, which, in addition to or in lieu of the allegations of the original complaints, as appropriate, shall set forth the following allegations in separately numbered paragraphs:

1. The specific merchandise which is the subject of plaintiffs' complaints;

2. The rate of duty and item number under which plaintiffs claim the merchandise was assessed;

3. The rate of duty with which plaintiffs claim the merchandise

should have been assessed under the item number claimed applicable by plaintiffs;

4. The date of liquidation;

5. The date and place where the protest was filed.

For the reasons that follow, both the motion to set aside this order and the motion to take an interlocutory appeal will be denied.

By way of introduction, it is well to observe that the objectives of the new rules of pleading in this court are to insure that the legal and factual issues be clear, particularized and narrowed. As cogently stated by Judge Newman in *Mitsubishi International Corp.* v. *United States*, 71 Cust. Ct. 259, 262, C.R.D. 73–19 (1973) :

> [I]nsofar as pleadings are concerned, it should be stressed that the court's present rules (effective October 1, 1970 concurrently with the Customs Courts Act) have newly created a formal pleading and motion practice that were nonexistent under the court's former rules of practice. Indeed, under the prior practice of this court there were no complaints and answers filed before trial. Consequently, under that former practice there developed much uncertainty concerning the factual and legal contentions of the parties, and difficulty for the court in narrowing the issues. *Thus, it was the plain intent and objective of the new rules of pleading to require the plaintiff in his complaint to concisely allege the contentions of fact and law in support of his position, so that after a responsive answer by the defendant the legal and factual issues would be clear, particularized and narrowed.* [Emphasis added.]

To similar effect are the following apt comments of Judge Re in *Berkey Technical Corp.* v. *United States*, 71 Cust. Ct. 275, 277, C.R.D. 73–27 (1973) :

> Traditionally, pleadings have served four major functions : (1) they give notice of the nature of the claim or defense; (2) they state the facts each party believes to exist; (3) they serve to narrow the issues that must be litigated; and (4) they provide a means for the speedy disposition of sham and insubstantial claims and defenses. *Thus, the overriding purpose of pleadings in this court is the framing of the issue or issues that need to be litigated.* [Emphasis added.]
>
> While rule 4.7(d) of the rules of this court is based in part upon rule 12(e) of the Federal Rules of Civil Procedure, it does not contain language which limits its application only to those instances where the pleading complained of is so vague or ambiguous that a proper response cannot be framed.[3]

---

[3] Rule 12(e) of the Federal Rules of Civil Procedure provides in part :

(e) **Motion for More Definite Statement:** If a pleading to which a responsive pleading is premitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,* he may move for a more definite statement before interposing his responsive pleading. * * * [Emphasis added.]

In contrast, rule 4.7(d) of this court provides in part :

(d) **Motion for More Definite Statement:** Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * *

To help accomplish the objectives of this court's new rules of pleading, rule 4.5B provides that the complaint in a protest action shall set forth:

(1) a statement of plaintiff's standing in the action;

(2) the date of liquidation or other customs decision complained of;

(3) the date and place where the protest was filed;

(4) a statement, where appropriate, that all liquidated duties have been paid;

(5) a statement of the customs decision complained of, including, where appropriate, the tariff description and the paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise was classified and the rate of duty imposed;

(6) a statement of the nature of the alleged error in the customs decision;

(7) where appropriate, the tariff description and the paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise was classified properly subject to classification and the rate of duty claimed to be applicable;

(8) concise allegations of plaintiff's contentions of fact and law in support of his position; and

(9) a demand for judgment for the relief to which plaintiff deems himself entitled.

Finally, rule 4.3(b) provides:

All allegations of claim or defense shall be made in numbered paragraphs. The contents of each paragraph shall be limited as far as practicable to a statement of a single set of circumstances. A paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense, other than denials, shall be stated in a separate count or defense, whenever a separation facilitates the clear presentation of the matter set forth.

With these considerations in mind, it is apparent that the present complaints on their face are defective in that they do not conform to rules 4.5B(5), 4.5B(7), and 4.3(b). For example, paragraph 3 of each of the complaints does not particularize which merchandise is the subject of that action. Thus, the merchandise is described in that paragraph as "pixies, figures of angels, mice, Santas and snowmen, with or without other words of description." This allegation is far from sufficient to inform the court and the defendant as to what merchandise in any given action plaintiffs are proceeding to litigate.

With further reference to paragraph 3, rule 4.5B(5) (as previously noted) requires that the complaint in a protest set forth a statement of the customs decision complained of, including the item number of the statute under which the merchandise was classified and the rate of duty imposed. Notwithstanding this clear requirement, paragraph 3 of each complaint alleges that the merchandise was assessed with duty under item 737.90 at the rate of 35% or 31% or 28% or 24%, or was assessed with duty under item 737.20 at the rate of 35% or 31% or 28% or 24%, or was assessed with duty under item 737.40 at the rate of 35% or 31% or 28% or 24%. Such a sweeping allegation fails completely to indicate the item number under which the merchandise in any given action was classified and which of the four rates under any one of the item numbers was assessed on the merchandise. Considering (as we have seen) that the purpose of pleadings in this court is to delineate the issues of agreement and dispute between the parties, plaintiffs' lack of specificity in paragraph 3 of their complaints totally subverts the intent of the rules.

Additionally, it will be recalled that rule 4.5B(7) requires that the complaint in a protest set forth the item number of the statute under which the merchandise is claimed to be properly subject to classification and *the rate of duty claimed to be applicable*. Paragraph 4 of each of plaintiffs' complaints alleges that the merchandise should have been classified under item 774.60, with duty at 17%, 15%, 13.5% or 11.5% ad valorem, depending upon the year involved. Since only one entry is involved in each case, only one rate of duty under each item is applicable, these not being alternative claims within the intent of the rules. In this circumstance, plaintiffs have failed to inform the court and the defendant as to *which* of the four rates is claimed to be applicable in each of these actions.

On a further aspect, rules 4.5B (2) and (3) require that the complaint in a protest set forth the date of liquidation and the date and place where the protest was filed. It is true that plaintiffs have attached a schedule A to each of the complaints which contains the court number, the entry number and date of entry, the date of liquidation, the date the protest was filed and the place where the protest was filed. However, in no complaint do plaintiffs refer to or incorporate by reference each applicable schedule A in numbered paragraphs as required by rule 4.3(b), which (as previously noted) requires that the "allegations of claim or defense" be made in numbered paragraphs. Obviously, if the complaint in an action contains substantive allegations in other than numbered paragraphs, it is not possible for defendant to structure the answer in numbered paragraphs in conformity with the rule.

The short of the matter is that the present complaints not only fall far short of complying with the rules of pleading of this court, they also contravene the objectives of such rules—which (as stressed before) are designed to aid in delineating and narrowing the factual and legal issues. Plaintiffs' counsel assert, however, that they have

> filed several thousand other complaints for plaintiffs and other clients which were structured in the same manner as the complaints in this action. The filing of more definite statements in all these instances would place an enormous burden on these various plaintiffs and counsel, without providing any, substantial benefits to either the parties or to the Court. The information that defendant requests already appears in the record in the protest, entry papers and schedule attached to the complaints.

In this connection, it is quite true that by examining the individual protests, the entry papers and the schedule attached to each complaint, it is possible in some cases for the court and defendant to determine which item of merchandise and what rate of duty are specifically applicable to the action in which the complaint was filed. However, to require the court and defendant to analyze the entry papers and protests in order to piece together factual allegations which should be specified in the complaints is a burden that is neither contemplated by the rules nor justified in actual practice. This burden, rather, is one that the rules impose on the plaintiffs—not on the defendant or the court.[4]

What is more, a sampling of the protests and entry papers in just a few of the present actions shows a major variance as between the merchandise covered by the protest and the merchandise covered by the complaint. For example, the protest filed for Court No. 69/54168 only covers merchandise described as "tree ornament figures" classified under item 737.20. The commercial invoice therein covers merchandise described as "Tree ornament figures," "Snow baby dolls," and "Boy and girl dolls," classified under item 737.20. On the other hand, the complaint in this action speaks of merchandise described as "pixies, figures of angels, mice, Santas and snowmen, with or without other words of description." Hence, even examination of the entry

---

[4] It is interesting to speculate as to what the situation would be if defendant interposed a general denial to paragraph 3 of the present complaints. Possibly, plaintiffs would then move for a more definite statement in order to know which aspect of the paragraph defendant was denying. In fact, this very type of situation occurred in *Berkey Technical Corp.* v. *United States, supra,* 71 Cust. Ct. 275, where plaintiff's counsel—who likewise represent the plaintiffs in the present case—moved for a more definite statement regarding a paragraph in defendant's answer which denied a paragraph in the complaint that was couched in general terms. In denying plaintiff's motion, the court observed "that an answer needed to be only as precise as the complaint. * * * That is, if the complaint is drafted in general terms, the defendant would be justified in responding by a general denial." 71 Cust. Ct. at 276.

papers and protest in this action fails to shed any light on the actual contentions of the plaintiffs.[5]

As further ground for setting aside the court's order of June 20, 1973, plaintiffs argue that the "vast majority" of the present cases were suspended and that defendant's motion for a more definite statement is therefore improper as contrary to rule 14.8.[6] This argument, in my view, is totally without merit. For there is no provision in any rule of this court that provides special dispensation for complaints in suspended actions. On the contrary, rule 4.5B—which specifies what allegations shall be set forth in a complaint in a protest action—is applicable to *all* such complaints whether they be in an active or suspense status.

Further, plaintiffs contend that defendant has been able to answer numerous complaints similar in all material respects to those here in issue and that in such circumstances, defendant's motion for a more definite statement is without basis, serving merely to burden the court and plaintiffs with additional and unnecessary paper work. Again, I cannot agree. For (as previously mentioned) while it may be possible in such cases for the defendant to frame an answer by examining the individual protests, the entry papers and the attached schedule and thus piece together the factual allegations which should have been specified in the complaint, this is a burden that under the rules is not to be shouldered by the defendant—or the court. The point is that rule 4.5B clearly and specifically sets forth what shall be contained in a complaint in a protest action. In such a situation, to allow the plaintiffs to ignore crucial requirements of this rule on the basis stated here would be to render a major part of the rule a nullity for all practical purposes.

Finally, plaintiffs insist that *Stahlwood Toy Mfg. Co., Inc.* v. *United States*, 70 Cust. Ct. 368, C.R.D. 73–13 (1973), is dispositive of the issue in this case. In *Stahlwood* the court, on reconsideration, denied defendant's motion for a more definite statement on the ground that "by reference to the official entry papers and the various items of merchandise and rates of duty recited in the complaint, the complaints in many of these cases can be answered and the controversy limited to such items of merchandise and rates of duty which, as recited in the complaint, can be identified in the official entry papers covered by the complaint." 70 Cust. Ct. at 371. However, for the reasons set out previously, I can-

---

[5] A random sampling of some other cases, e.g., 67/65711, 68/452, 68/12345, 69/51843, demonstrates that this is not an isolated incident.

[6] Rule 14.8 pertains to the suspension disposition file and has no bearing whatever on the present problem.

not agree with this rationale as justifying non-compliance by a plaintiff with the rules prescribing the contents of a complaint. In sum, I conclude that plaintiffs' motion to set aside the order of June 20, 1973 must be denied.[7]

We come now to plaintiffs' motion for leave to take an interlocutory appeal by including in the foregoing order a rule 13.2(a) statement (see note 2, *supra*). As to this, I think it clear that "an immediate" appeal from the order would not "materially advance the ultimate termination of the litigation." To the contrary, allowance of such an appeal would delay still further—and for no justifiable reason—the ultimate termination of cases which already have been too long delayed. Accordingly, the motion for leave to take an interlocutory appeal will be denied. See *A. N. Deringer, Inc.* v. *United States*, 70 Cust. Ct. 337, C.R.D. 73–4 (1973); *C. L. Hutchins & Co., Inc.* v. *United States*, 67 Cust. Ct. 354, 356–7, C.D. 4297, 334 F. Supp. 188, 190–1 (1971).

It is therefore ORDERED:

1. That plaintiffs' motion for a rehearing to set aside the court's order of June 20, 1973 granting defendant's motion for a more definite statement be denied;

2. That within thirty days from the date of service of this order— with no extension to be allowed save for extraordinary circumstances— plaintiffs shall file a more definite statement in the form of an amended complaint for each and every protest number listed in the schedule annexed hereto which, in addition to or in lieu of the allegations of the original complaints, as appropriate, shall set forth the following allegations in separately numbered paragraphs:

a. The specific merchandise which is the subject of plaintiffs' complaints;
b. The rate of duty and item number under which plaintiffs claim the merchandise was assessed;
c. The rate of duty at which plaintiffs claim the merchandise should have been assessed under the item number claimed applicable by plaintiffs;
d. The date of liquidation;
e. The date and place where the protest was filed.

3. That plaintiffs' motion for leave to take an interlocutory appeal pursuant to rule 13.2(a) be denied.

[7] In reaching this conclusion, I am quite mindful of my order of August 13, 1973 in *Goldfarb* v. *United States*, Court No. 68/46992, which set aside a previous order and denied, under circumstances quite similar to those presented here, defendant's motion for a more definite statement. In light of the considerations set forth in the present opinion, I am persuaded that my August 13, 1973 order in *Goldfarb*—which was issued without opinion— was erroneous.