**TUBELITE ARCHITECTURAL PRODUCTS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 86–04–00494.**

United States Court of International Trade.

Jan. 17, 1989.

---

Edmund Maciorowski, P.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, New York City, James A. Curley, Washington, D.C., for defendant.

DiCARLO, District Judge:

Defendant moves pursuant to Rule 12(e) of the Rules of this Court for a more definite statement in the complaint filed by plaintiff, Tubelite Architectural Products (Tubelite), to contest the tariff classification of certain imported merchandise. The Court finds that the Appendix to the Rules of this Court on the format for complaint allegations is precatory rather than mandatory and that the validity of Tubelite's complaint is to be judged according to the substantive Rules of this Court. The Court also finds that Tubelite's complaint conforms to the requirements of Rule 8(a) but not of Rule 10(b) of the Rules of this Court. In the interest of judicial economy expressed in Rules 1 of the Rules of this Court and in recognition that Rule 8(f) of the Rules of this Court requires no technical forms for pleadings, the Court will not order Tubelite to amend its complaint to conform to Rule 10(b) of the Rules of this Court. The Court denies defendant's motion for a more definite statement in Tubelite's complaint.

## DISCUSSION

Customs argues that Tubelite must conform its complaint to the format stated in the Appendix to the Rules of this Court to include (1) the basis of the Court's jurisdiction, (2) the tariff classification and duty rate Customs found for the imported merchandise, and (3) the tariff classification and duty rate claimed by Tubelite. Tubel-

ite counters that its complaint meets the requirements of Rule 8(a) of the Rules of this Court and is therefore sufficient. The questions presented are whether the language in the Appendix to the Rules of this Court is precatory or mandatory, and if precatory, whether plaintiff has complied with substantive provisions of the Rules of this Court.

(a)

■ Pleadings before the Court are governed by Rule 8(a) of the Rules of this Court, which states that:

A pleading which sets forth a claim for relief, ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled.

The Appendix to the Rules of this Court sets forth the format for complaint allegations. In relevant part, the Appendix provides:

(a) **General:** the complaint in a civil action should set forth:

(1) a statement of the basis of the court's jurisdiction;

.    .    .    .    .

(c) **Classification:** If the contested customs decision involves the classification of merchandise, the complaint should also set forth:

(1) the tariff paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise was classified, and the rate of duty imposed;
(2) the tariff description and the paragraph or item number of the statute, including all modifications and amendments thereof, under which the merchandise is claimed to be properly subject to classification, and the rate of duty claimed to be applicable;....

Defendant argues that the Appendix to the Rules of this Court requires that plain-

tiff state the basis of the Court's jurisdiction, Customs' tariff classification and duty rate, and the claimed tariff classification and duty rate. In support of its assertion, defendant cites the Customs Court decision in *Kurt S. Adler, Inc. v. United States*, 71 Cust.Ct. 284, 290 C.R.D. 73–31 (1973), which held that Rule 4.5B of the Customs Court required that a complaint identify Customs' tariff classification and duty rate and the claimed tariff classification and duty rate. Rule 4.5B of the Customs Court contained virtually identical language to the Appendix to the Rules of this Court except that Rule 4.5B provided that "[t]he complaint in a protest *shall* set forth ...," (emphasis added) whereas the Appendix to the Rules of this Court uses the verb *"should."*

The Court finds that substitution of "should" for "shall" made any requirement in the Appendix precatory instead of mandatory. The Court concludes that, although the Appendix sets forth the expected format for complaint allegations in Customs classification actions, such format is not required. While Tubelite's complaint is not in the format the Court expects, the validity of Tubelite complaint is to be judged according to the substantive Rules of this Court rather than by the Appendix to the Rules of this Court.

### (b)

■ Defendant claims that failure to state the basis of jurisdiction renders Tubelite's complaint defective. Rule 8(a) of the Rules of this Court does not require a statement of jurisdiction in a pleading if the court already has jurisdiction. Under Rule 4(a) of the Rules of this Court, actions challenging denial of a protest by Customs may be commenced by filing a summons. *See* 28 U.S.C. § 1581(a) (1982). Tubelite's action challenges denial of its protest against Customs' classification of the merchandise at issue. Accordingly, this Court has jurisdiction over this action by virtue of the issuance of a summons. This summons states separately the basis of the Court's jurisdiction. The Court holds that failure to state the basis of the Court's jurisdiction did not render Tubelite's complaint defec-

tive under Rule 8(a) of the Rules of this Court.

### (c)

■ Defendant also argues that Tubelite's complaint is defective for failure to state Customs' tariff classification of the merchandise and duty rate and for stating the proposed tariff classification only in the "wherefore" clause of the complaint to which no response from the defendant is required.

Rule 8(a) of the Rules of this Court requires in pleadings "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief to which he deems himself entitled." In the prayer for relief in its complaint, Tubelite states "Wherefore plaintiff respectfully prays that this honorable court issue a judgment against the defendant that importations are classified under *TSUS* item 678.50 and the entries be reliquidated accordingly...." The Court holds that this statement meets the requirements of Rule 8(a) of the Rules of this Court.

### (d)

■ Although Tubelite's complaint complies with Rule 8(a) of the Rules of this Court, the Court notes that Rule 10(b) of the Rules of this Court requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs...." In its complaint, Tubelite avers that the merchandise in question is properly classifiable under item 678.50 of the Tariff Schedules of the United States not in a numbered paragraph but only in the "wherefore" clause reciting its prayer for relief. The numbering of all averments in a complaint facilitates formulation of an answer by the opposing party and the opposing party is not expected to respond to the "wherefore" clause in a complaint.

While Tubelite's omission poses an inconvenience to the defendant, a motion under Rule 12(e) of the Rules of this Court will only be granted if a party cannot reasonably be required to frame a responsive pleading. *See United States v. F.A.G. Bearings, Ltd. v. United States*, 8 CIT 294,

598 F.Supp. 401 (1984). Although Tubelite's complaint is not in conformity with Rule 10(b) of the Rules of this Court, the Court will not elevate form over substance. The complaint would only require replacement of the word "wherefore" with a number in order to conform to Rule 10(b) of the Rules of this Court. Rule 8(f)(1) of the Rules of this Court states that "[n]o technical forms of pleadings are required." Furthermore, Rule 1 of the Rules of this Court provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." In recognition of the interests expressed in these rules, the Court will not order Tubelite to amend its complaint.

## CONCLUSION

While the Court holds that the language in the Appendix to the Rules of this Court is merely precatory rather than mandatory as to the form for complaint allegations, the Court expects parties to provide in their complaints all of the information identified in the Appendix. This information is requested to narrow the legal and factual contentions of the parties and expedite the swift judicial resolution or settlement of actions. Tubelite's complaint meets the requirements for pleadings in Rule 8(a) of the Rules of this Court but does not meet the requirement in Rule 10(b) of the Rules of this Court. According to the interests expressed in Rules 1 and 8(f) of the Rules of this Court that the Rules be construed to secure just, speedy, inexpensive determinations and that no technical forms of pleadings will be required, the Court will not require plaintiff to amend its complaint. Defendant's motion for a more definite statement is accordingly denied.

