(Reap. Dec. 11072)

INTERNATIONAL PACKERS, LTD. v. UNITED STATES

Entry No. 520, etc.

(Dated September 27, 1965)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

DONLON, Judge: Defendant has moved to dismiss these five appeals to reappraisement, insofar as the appraisements relate to meats that were exported from Paraguay and from Brazil. Basis of the motion, in the case of four of the appeals, is that the notices recite that plaintiff files its appeal with respect to "Canned/Cooked Meats exported from Argentina" and, in the fifth appeal, the notice recites that plaintiff appeals as to merchandise described as "Argentine canned beef."

It appears that the several appraisements covered meats that were exported from South American countries, as follows:

R61/7244—from Brazil, Paraguay, and Argentina, but laded in Uruguay and in Argentina on vessel for Boston.

R61/7795—from Paraguay and Argentina, but laded in Argentina on vessel for Charleston.

R61/7808—from Brazil, Paraguay, and Argentina, but laded in Uruguay and in Argentina on vessel for Charleston.

R61/11279—from Brazil, Paraguay, and Argentina, but laded in Argentina on vessel for Philadelphia.

R61/11636—from Paraguay and Argentina, but laded in Argentina on vessel for Tampa.

It appears also that, whatever the country of lading, the fact is that such merchandise which originated in a country other than the country where laded did not enter into the commerce of the country of lading, but merely passed through that country in transit to the United States.

The country of lading is not necessarily the country of export, within the meaning of the tariff laws. Under the facts here, the countries from which the meats were shipped is the country of export, and not some other country through which the merchandise passed en route to the United States. This is so under appraisement provisions. *United States* v. *F. W. Hagemann,* 39 CCPA 182, C.A.D. 484. It is so, also, under the marking provision. *United States* v. *Friedlaender & Co., Inc.,* 27 CCPA 297, C.A.D. 104.

It is defendant's position that plaintiff, by the language it chose to use in its appeals to reappraisement, limited the merchandise covered by these appeals. In four of the appeals, that limitation is to such meats as were "exported from Argentina." In the fifth appeal, the limitation is to such meats as were "Argentine canned beef."

Plaintiff appears to argue that, whatever the significance of the term "export" may be in various provisions of the tariff law, including the appraisement provisions, the requirements as to the form of appeals to reappraisement are so relaxed and informal that anything which

is laded in Argentina may be deemed, for purposes of testing the sufficiency of an appeal when jurisdiction is challenged, to be an export from Argentina, possibly even to be an Argentine product.

In my opinion, plaintiff's argument is not sound. True, no special form of pleading is prescribed for appeals to reappraisement. The test of sufficiency is whether an appeal adequately advises the court as to the plaintiff's dissatisfaction with the appraisement.

Here, plaintiff has told the court, not that it is dissatisfied with these appraisements as a whole, but that it is dissatisfied with the appraisement of beef that was "exported" from Argentina and, in one appeal, as to the appraisement of "Argentine canned beef." Plaintiff advised the court of no dissatisfaction with the appraisement of any other merchandise.

As is well known, many entries include a variety of merchandise. There is clearly no requirement that, to sustain jurisdiction in appeals to reappraisement, the importer shall be dissatisfied with appraisement of all such merchandise. He may be dissatisfied with appraisement of part only of that merchandise, and so advise the court. This is precisely what plaintiff did in these appeals.

Here, appraisement of beef exported from countries other than Argentina has become final because there was no timely appeal for reappraisement of such merchandise in R61/7244, R61/7795, R61/7808, and R61/11636; and in R61/11279 appraisement has become final as to all merchandise save only Argentine canned beef.

The motion is granted. Settle order on notice; defendant to file and serve, on or before October 15, 1965, proposed order or orders adequately identifying in the respective appeals the merchandise as to which plaintiff did not appeal for reappraisement.