(C.D. 3964)

NATIONAL SILVER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 5, 1970)

*Stein & Shostak* (*S. Richard Shostak* and *Marjorie M. Shostak* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Sheila N. Ziff* and *Frederick L. Ikenson*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: The merchandise of this protest consists of eight assorted hollow drinking vessels, packed four to a box and eight dozen to a shipping carton when imported from Japan and entered at San Diego on March 10, 1966. The official invoice papers in evidence identify the vessels as the manufacturer's article No. R2556. Articles, representative of the vessels and boxes, are also in evidence (collective exhibit 1). The boxes are specially marked exhibits 1–A and 1–B. Six of the vessels are specially marked exhibits 1–C, 1–D, 1–E, 1–F, 1–G, and 1–H. Two of the vessels are not specially marked.

An illustration of the type of vessel packed in it appears on the outside of the box (exhibits 1–A and 1–B) with the inscription "Royal Elegance Fine China" above the illustration, and the word "MUGS" below the illustration.

Customs officials classified the vessels as cups under TSUS item 533.75. Plaintiff protests the classification as cups and here relies on an amended protest claim that the vessels are mugs under TSUS item

533.71. The classification of cups and mugs, with the respective duty rates, appears in the Tariff Schedules of the United States as follows:

Schedule 5, part 2, subpart C:

Articles chiefly used for preparing, serving, or storing food or beverages, or food or beverage ingredients:

\*  \*  \*  \*  \*  \*  \*

Of nonbone chinaware or of subporcelain:

\*  \*  \*  \*  \*  \*  \*

Household ware not covered by items 533.63, 533.65, 533.67, or 533.69:

| 533.71 | Steins, mugs, candy boxes, decanters, punch bowls, pretzel dishes, tidbit dishes, tiered servers, and bonbon dishes_____ | 45% ad val. |

Other articles:

\*  \*  \*  \*  \*  \*  \*

| 533.75 | Cups valued over $1.35 but not over $4 per dozen____ | 10¢ per doz. pcs. +60% ad val. |

Both sides agree that the imported vessels are classifiable under the headings which precede TSUS items 533.71 and 533.75, and that they are valued over $1.35 but not over $4 per dozen. The description of the hollow vessels which follows will point up the controversy.

All eight of the assorted hollow vessels (collective exhibit 1) have the following features in common: the hollow part of the vessels are basically cylindrical; the bottoms of the hollow vessels are relatively flat; the vessels have no lip and no saucer.

Exhibits 1–C, 1–D, 1–E, 1–F, 1–G, and 1–H have a flared footed stem which elevates the hollow vessel so that the bottom of the vessel stands raised as if on a pedestal. The other two vessels (not specially marked) do not have a footed stem but the bottom of the vessels has a short circular ridged part recessed into it.

The vessels are all decorated differently and otherwise differ as follows: exhibits 1–D and 1–G have straight sides, square-shaped handles, are taller than they are wide, and are approximately of the same width across the top and bottom; exhibits 1–E and 1–F have straight sides, square-shaped handles, are wider than they are tall and are approximately of the same width across the top and bottom; exhibits 1–C and 1–H have straight sides, modified square-shaped handles, are taller than they are wide, but the sides taper slightly upward so that the vessel is not as wide at the top as at the bottom; the two not spe-

cially marked vessels have straight sides that taper upward quite sharply so that the top is not as wide as the bottom, the vessels are taller than they are wide, and the handles are oval shaped.

Generically the hollow vessels described above are cups. Webster's Third New International Dictionary, 1966 edition. However, if the imported vessels are mugs, then the customs classification as cups, although not generically wrong, is incorrect since a mug, while it is a kind of cup, is a different article for tariff purposes and the tariff designation "mugs" is more specific than that for cups, *Ross Products, Inc.* v. *United States*, 40 Cust. Ct. 158, C.D. 1976 (1958). The only question before us is are the imported vessels mugs. The question vexes because the traditional distinction between a cup, as a bowl-shaped drinking vessel commonly set on a saucer, *Ross Products, Inc.* v. *United States*, 46 Cust. Ct. 8, C.D. 2226 (1961), and a mug, as a cylinder-shaped drinking vessel with no lip, Webster's Third New International Dictionary (1966), has become blurred in the modern design of those articles into muggish cups (cylinder-shaped cups with no lip) with saucers and cuppish mugs (cups that hold a mugful) without a saucer. As Judge Nichols said in an earlier case involving similar issue as to cups and mugs, "[o]ne can determine the salient features of common cups and mugs and form an opinion which of these predominate in the imported article, but one can feel no assurance the conclusion thus reached is anything but subjective". *Imports, Inc.* v. *United States*, 55 Cust. Ct. 506, 509, Abstract 69681 (1965) (concurring opinion). Defendant relies on *Imports, Inc.* in its argument that there is no competent proof probative of the fact that the imported vessels are mugs within the common meaning of the term "mugs". On this, a different record from that in *Imports, Inc.*, and as we shall hereinafter discuss, we sustain the protest.

It would help meet defendant's argument, if we could come to some common ground on what a mug is in common understanding. Frankly, we have been unable to come up with an established common meaning for the term "mugs" and neither party has suggested one. Webster's Third New International Dictionary (1966) defines a mug as:

> *mug* 1 a: a drinking cup usu. of metal or earthenware and usu. cylindrical with no lip but with a handle * * *

Funk & Wagnalls Standard Dictionary, International Edition (1963), gives the same definition as follows:

> *mug* 1 A drinking cup, usually cylindrical with a handle and no lip. * * *

The above definitions reflect what we perceive to be the general conception of a mug, to wit, a cup that is usually cylindrical. That

mugs are usually cylindrical implies that some mugs are not cylindrical or perfectly so. Aside from the fact that they are usually cylindrical, the salient features which characterize a mug are not that easy to pin down in classifying new articles of commerce under that tariff term. Cf. *R. J. Saunders & Co., Inc.* v. *United States*, 49 CCPA 87, C.A.D. 801 (1962). The definitions and general conception of a mug being rather fluid and indefinite, we best consider first, what these imported vessels are commercially understood to be and sold as by the industry which merchandises them, *United States* v. *Colonial Commerce Co., Ltd.*, and *P. John Hanrahan, Inc.*, 44 CCPA 18, 22, C.A.D. 629 (1956); *Louis Goldey* v. *United States*, 30 Cust. Ct. 199, C.D. 1520 (1953), and, second, whether the commercial understanding jibes with the common understanding of the buying public. The common and commercial meaning of a tariff term are presumed to coincide unless there is evidence of a special commercial meaning. *United States* v. *The Specialty House, Inc.*, and *Bryant & Heffernan, Inc., et al.*, 42 CCPA 136, 141, C.A.D. 585 (1955). In short, if these imported vessels are bought, sold, and accepted by the public as mugs, it is our opinion that they come within the common meaning of what a mug is generally conceived to be.

The trial record consists of testimony by plaintiff's department manager merchandising these vessels, its vice-president for sales, and its advertising manager; a photograph of other vessels merchandised by plaintiff which we do not consider relevant (exhibit 2); a photograph of a rack designed by plaintiff for those of its interested customers titled "Mug Country", holding an assortment of vessels including those before us (exhibit 3), and photocopies and newspaper tear sheets illustrating the manner in which the witnesses had seen the imported vessels and other vessels advertised for sale as mugs (collective exhibit 4, exhibits 5 and 6). Defendant introduced no evidence.

Defendant does not seriously dispute the facts testified to by plaintiff. In sum, the testimony of the witnesses establishes that the imported vessels were purchased as mugs, that plaintiff displayed and sold them as mugs; that, in some instances, plaintiff prepared, for those customers who asked for it, copy advertising the vessels as mugs; that some customers prepared their own copy advertising the vessels as mugs; that the imported vessels had been displayed at a San Francisco trade show as mugs; that the witnesses had seen the imported vessels displayed as mugs in their customers' stores in Los Angeles, San Francisco, and New York; that the witnesses had seen the imported vessels advertised by their customers as mugs, as illustrated in collective exhibit 4; that they had never seen the imported vessels advertised or displayed as anything but mugs, and that, at one

time, plaintiff tried to merchandise collective exhibits 4–E, 4–F, and 4–G with a saucer but discontinued that line when the public failed to respond to such merchandising.

Defendant, as we have said, denies none of the above but argues that the facts are tainted "too much * * * with plaintiff's own terminology to be of much probative value in determining that the articles at bar are commonly known as mugs", citing *Gitkin Co.* v. *United States*, 54 Cust. Ct. 182, C.D. 2530 (1965), appeal dismissed *Id.* v. *Id.*, 53 CCPA 155 (1965) (defendant's brief, page 25). That argument is somewhat shallow, on this record, where defendant elected to stand on the presumption of correctness attaching to the customs classification, rather than assist the court in searching out a more correct classification in the common meaning of the tariff terms. The presumption on which defendant rests is not, however, evidence and cannot be weighed against the evidence of the party challenging the presumption. *United States* v. *Ignaz Strauss & Co., Inc.*, 37 CCPA 48, C.A.D. 418 (1949).

Lest there be misunderstanding, we do not propose to decide this case on plaintiff's terminology but on the record as a whole. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, 81, C.A.D. 676 (1958). A *prima facie* case is established when there is evidence sufficient to establish the facts claimed unless rebutted. *United States* v. *Ignaz Strauss & Co., Inc.*, *supra.* The evidence need not establish the facts beyond reasonable doubt. *A. Millner Co.* v. *United States*, 46 CCPA 97, 100, C.A.D. 706 (1959). Nor do we conceive that the facts claimed must be established to a moral certainty.

This record, which establishes that the witnesses have seen the imported vessels advertised and displayed as mugs in customers' stores, goes further than plaintiff's own terminology. The manner in which a merchant displays his goods can have important probative value in their classification. *United States* v. *Brier Manufacturing Company*, 52 CCPA 35, 37, C.A.D. 854 (1965); *Davis Products, Inc.*, and *Frank M. Chichester* v. *United States*, 59 Cust. Ct. 226, 230, C.D. 3127 (1967); *New York Merchandise Co., Inc.* v. *United States*, 62 Cust. Ct. 38, C.D. 3671 (1969), appeal dismissed *United States* v. *New York Merchandise Co., Inc.*, 56 CCPA 133; *The Spesco Corporation* v. *United States*, 62 Cust. Ct. 297, C.D. 3749 (1969). Since the imported vessels are bought and sold at retail as mugs, the reasonable inference is that the public buys and accepts them as mugs within the common meaning of the term. *United States* v. *Ignaz Strauss & Co., Inc.*, *supra.* This, *prima facie*, satisfies us that the imported vessels are of that class of articles commonly and commercially known as mugs. Defendant not only has not established the contrary, it has given us no evidence whatsoever to consider.

The protest claim under TSUS item 534.94, which has not been pressed by plaintiff, is dismissed. The claim under TSUS item 533.71 is sustained. Judgment will enter accordingly.