(C.R.D. 73–16)

INTERNATIONAL MERCANTILE CORP. *v.* UNITED STATES

Court No. R67/15666

(Dated August 1, 1973)

*Stein and Shostak* for the plaintiff.

*Irving Jaffe*, Acting Assistant Attorney General (*David B. Greenfield*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to dismiss the complaint filed in this action, which is captioned "NEW YORK MERCHANDISE Co., INC., Plaintiff, v. THE UNITED STATES, Defendant."[1] The basis of defendant's motion is that New York Merchandise is not the plaintiff in this action, and hence was not authorized to file the complaint pursuant to rule 4.4. No opposition or other response to the motion has been filed on behalf of either New York Merchandise Co., Inc. or International Mercantile Corp., the importer of record who filed this appeal for reappraisement with the district director at the port of San Diego.

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,[2] this case was among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for failure to prosecute upon the

---

[1] Defendant's motion papers are similarly captioned.

[2] The effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint pursuant to rule 4.4. On October 30, 1972, the instant complaint was filed bearing the court number of this action. If this complaint is dismissed, as requested by defendant, then no complaint exists to preclude dismissal of the action for failure to prosecute.

I am satisfied from an examination of the official papers that International Mercantile is the plaintiff in this appeal for reappraisement, and not New York Merchandise.[3] In respect to the proper party-plaintiff, the complaint was plainly defective. Such defect, however, may be corrected by amendment pursuant to rule 4.8, if permitted by the court. See opinion by Chief Judge Boe in *Bendix Mouldings, Inc., et al.* v. *United States,* 70 Cust. Ct. 343, C.R.D. 73–6 (1973).

Under all the circumstances, I see no serious prejudice to defendant if its motion to dismiss the complaint is denied and plaintiff is given an opportunity to file an amended complaint. Accordingly, it is hereby ORDERED:

1. Defendant's motion to dismiss is denied.

2. International Mercantile Corp., plaintiff in this action, shall have a period of twenty days from and after the date of service of this order within which to file an amended complaint.

3. If upon the expiration of said twenty-day period, no amended complaint shall have been filed by said plaintiff, this action shall be deemed dismissed for failure to prosecute, without any further proceeding; and in such event, the clerk is directed to enter an order of dismissal without further order.

(C.R.D. 73–17)

---

[3] I have noted from the court's file that several papers filed prior to the complaint erroneously indicated New York Merchandise as the plaintiff.