(C.R.D. 73-17)

BOISE CASCADE CORP. *v.* UNITED STATES

Court No. R68/5868

(Dated August 8, 1973)

*Glad & Tuttle* for the plaintiff.

*Irving Jaffe*, Acting Assistant Attorney General (*Patrick D. Gill*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to dismiss the complaint filed in this action and to restore the case to the October 1970 reserve file for disposition as if no complaint had ever been filed.

---

The complaint is captioned: "Yamaha International Corp., Plaintiff v. The United States, Defendant," and alleges, *inter alia*, that the importation covered by the appeal for reappraisement consists of spare parts or accessories for Yamaha motorcycles. The grounds for defendant's motion are that Boise Cascade Corp. is the plaintiff of record; that Yamaha is an apparent stranger to the action; and that the appeal for reappraisement covers plywood rather than motorcycle parts or accessories. In short, defendant contends that the facts alleged in the complaint have no relationship to the appeal for reappraisement and consequently such complaint is a nullity.

No opposition or other response to the motion has been filed on behalf of either Yamaha or Boise Cascade Corp., the importer of record who filed this appeal for reappraisement.

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,* this case was among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for failure to prosecute upon expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint pursuant to rule 4.4. On October 30, 1972, the instant complaint was filed bearing the court number of this action. If this complaint is dismissed, as requested by defendant, then no complaint exists to preclude dismissal of the action for failure to prosecute.

I am satisfied from an examination of the official papers that Boise Cascade Corp. is the proper plaintiff in this action and that the complaint has no relationship to the appeal for reappraisement. Apparently the complaint was addressed to another appeal for reappraisement covering an entry involving motorcycle parts and accessories, and inadvertently the complaint was given the court number of the instant case. However, the defective complaint may be corrected by filing an amended pleading pursuant to rule 4.8, if permitted by the court. *International Mercantile Corp.* v. *United States*, 71 Cust. Ct. 254, C.R.D. 73–16 (1973); *Bendix Mouldings, Inc., et al.* v. *United States*, 70 Cust. Ct. 343, C.R.D. 73–6 (1973).

Under all the circumstances, I see no serious prejudice to defendant if its motion to dismiss the complaint is denied and plaintiff is afforded an opportunity to file an amended complaint. Accordingly, it is hereby Ordered:

1. Defendant's motion to dismiss is denied.

---

*The effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

2. Boise Cascade Corp., plaintiff in this action, shall have a period of twenty days from and after the date of service of this order within which to file an amended complaint.

3. If upon the expiration of said twenty-day period, no amended complaint shall have been filed by plaintiff Boise Cascade Corp., this action shall be deemed dismissed for failure to prosecute, without any further proceeding; and in such event, the clerk is directed to enter an order of dismissal without further order.