(C.R.D. 73–20)

BORDER BROKERAGE CO. *v.* UNITED STATES

Court No. 69/9518

(Dated November 1, 1973)

*Glad & Tuttle* (*John McDougall* of counsel) for the plaintiff.
*Irving Jaffe*, Acting Assistant Attorney General (*David B. Greenfield*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to dismiss the complaint filed in this action, which is captioned "MAUK SEATTLE LUMBER CO.,

---

[3] Rule 12(e) of the F.R.C.P. reads: "(e) **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * *"

Rule 4.7(d) of the Customs Court reads: "(d) **Motion for More Definite Statement:** Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * *"

Plaintiff v. The United States, Defendant".[1] The predicate of defendant's motion is that Mauk Seattle Lumber Co. is not the plaintiff in this action, but rather a complete stranger thereto, and hence was not authorized to file the complaint pursuant to rule 4.4.

In its opposition to defendant's motion, plaintiff concedes that Mauk Seattle Lumber Co. was the ultimate consignee of the merchandise under protest and that Border Brokerage Co., importer of record, is the proper party plaintiff. Plaintiff, however, argues that defendant has not been prejudiced by the error in the caption of the complaint, and that in the interests of justice Border Brokerage should have the opportunity to file an amended complaint in its own name.

I agree.

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,[2] this case was among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for failure to prosecute upon the expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint pursuant to rule 4.4. On October 31, 1972—the final date— the instant complaint was filed bearing the court number of this action, but not in the name of plaintiff. If this complaint is dismissed, as requested by defendant, then no complaint exists to preclude dismissal of the action for failure to prosecute.

It has been held that a complaint which is defective because the wrong party is named as the plaintiff may be amended by substituting the proper party as plaintiff. *Boise Cascade Corp.* v. *United States*, 71 Cust. Ct. 255, C.R.D. 73–17 (1973); *International Mercantile Corp.* v. *United States*, 71 Cust. Ct. 254, C.R.D. 73–16 (1973).

Under all the circumstances, I see no serious prejudice to defendant if its motion to dismiss the complaint is denied, and plaintiff is afforded an opportunity to file an amended complaint substituting Border Brokerage Co. as plaintiff in lieu of Mauk Seattle Lumber Co. Accordingly, it is hereby ORDERED:

1. Defendant's motion to dismiss the complaint is denied.

2. Border Brokerage Co., the importer of record and the plaintiff in this action, shall have a period of twenty days from and after the

---

[1] Defendant's motion papers are similarly captioned.

[2] October 1, 1970 is the effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

date of service of this order within which to file an amended complaint substituting Border Brokerage Co. as plaintiff in lieu of Mauk Seattle Lumber Co.