(C.R.D. 73–25)

REPUBLIC NOVELTY CO., INC. *v.* UNITED STATES

Court No. 69/43294

(Dated November 16, 1973)

*Brooks & Brooks* for the plaintiff.
*Serko & Sklaroff* for Dexion, Inc.
*Irving Jaffe,* Acting Assistant Attorney General (*Gilbert Lee Sandler,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to dismiss the complaint filed in this action, which is captioned "DEXION, INC., Plaintiff v. THE UNITED STATES, Defendant".[1] The basis of defendant's motion is that Dexion, Inc. is not the plaintiff in this action, and hence was not authorized to file the complaint pursuant to rule 4.4. No opposition or other response to the motion has been filed on behalf of either Dexion, Inc. or Republic Novelty Co., Inc·, the importer of record who filed this protest.

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,[2] this case was among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for failure to prosecute upon the expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint pursuant to rule 4.4. On October 31, 1972—the final date—the instant complaint was filed bearing the court number of this action, but not in the name of plaintiff. If this complaint is dismissed, as requested by defendant, then no complaint exists to preclude dismissal of the action for failure to prosecute.

I am satisfied from an examination of the official papers that Republic Novelty Co., Inc. is the plaintiff in this protest, and not Dexion, Inc. In respect to the proper party-plaintiff, the complaint was plainly defective.

It has been held, however, that a complaint which is defective

---

[1] Defendant's motion papers are similarly captioned.
[2] October 1, 1970 is the effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

because the wrong party is named as the plaintiff may be amended by substituting the proper party as plaintiff, *Border Brokerage Co.* v. *United States*, 71 Cust. Ct. 263, C.R.D. 73–20 (1973) ; *Boise Cascade Corp.* v. *United States*, 71 Cust. Ct. 255, C.R.D. 73–17 (1973) ; *International Mercantile Corp.* v. *United States*, 71 Cust. Ct. 254, C.R.D. 73–16 (1973).

Under all the circumstances, I see no serious prejudice to defendant if its motion to dismiss the complaint is denied and plaintiff is given an opportunity to file an amended complaint. Accordingly, it is hereby ORDERED :

1. Defendant's motion to dismiss is denied.

2. Republic Novelty Co., Inc., plaintiff in this action, shall have a period of twenty days from and after the date of service of this order within which to file an amended complaint.

3. If upon the expiration of said twenty-day period, no amended complaint shall have been filed by said plaintiff, this action shall be deemed dismissed for failure to prosecute, without any further proceeding; and in such event, the clerk is directed to enter an order of dismissal without further order.