(C.R.D. 73–29)

C. F. LIEBERT *v.* UNITED STATES

Court No. 70/35051

(Dated November 27, 1973)

*Glad & Tuttle* (*John McDougall* of counsel) for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*David B. Greenfield,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaint filed in this action, which is captioned "BORDER BROKERAGE Co., INC.,

Plaintiff v. The United States, Defendant".[1] The basis of defendant's motion is that Border Brokerage is not the plaintiff in this action, but rather a complete stranger thereto, and hence was not authorized to file the complaint pursuant to rule 4.4.

In its opposition to defendant's motion, plaintiff concedes that Border Brokerage was improperly named as plaintiff in the caption of the complaint in lieu of the proper party-plaintiff, C. F. Liebert, importer of record who filed the protest. Plaintiff, however, argues that the error was inadvertent, and occasioned by pressure of time "when counsel were extremely busy with the task of removing the many actions which were in the 1970 Reserve File". Furthermore, plaintiff insists that defendant has not been prejudiced by the error in the caption of the complaint, and that in the interests of justice, C. F. Liebert should have the opportunity to file an amended complaint in its own name.

I agree.

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,[2] this case was among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for failure to prosecute upon the expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint pursuant to rule 4.4 On October 31, 1972—the final date—the instant complaint was filed bearing the court number of this action, but not in the name of plaintiff. If this complaint is stricken, as requested by defendant, then no complaint exists to preclude dismissal of the action for failure to prosecute.

It has been held that a complaint which is defective because the wrong party is named as the plaintiff may be amended by substituting the proper party as plaintiff. *Border Brokerage Co.* v. *United States*, 71 Cust. Ct. 263, C.R.D. 73–20 (1973); *Boise Cascade Corp.* v. *United States*, 71 Cust. Ct. 255, C.R.D. 73–17 (1973); *International Mercantile Corp.* v. *United States*, 71 Cust. Ct. 254, C.R.D 73–16 (1973).

Under all the circumstances, I see no serious prejudice to defendant if its motion to strike the complaint is denied, and plaintiff is afforded an opportunity to file an amended complaint substituting C. F. Liebert, as plaintiff in lieu of Border Brokerage. Accordingly, it is hereby ORDERED:

1. Defendant's motion to strike the complaint is denied.

---

[1] Defendant's motion papers are similarly captioned.

[2] October 1, 1970 is the effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

2. C. F. Liebert, the importer of record and the plaintiff in this action, shall have a period of twenty days from and after the date of service of this order within which to file an amended complaint, substituting itself as plaintiff in lieu of Border Brokerage Co., Inc.

3. If upon the expiration of said twenty-day period, no amended complaint shall have been filed by said plaintiff, this action shall be deemed dismissed for failure to prosecute, without any further proceeding; and in such event, the clerk is directed to enter an order of dismissal without further order.

(C.R.D. 73–30)

---

[1] Defendant's motion papers are similarly captioned.