(C.R.D. 73-35)

DISTRIBUTORS IMPORT CO. *v.* UNITED STATES

Court No. R67/9550

(Dated December 7, 1973)

*Stein & Shostak* for the plaintiff.

*Irving Jaffe*, Acting Assistant Attorney General (*David A. Ast*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaint in this action "pursuant to the provisions of Rule 4.7(b)". The predicate

of defendant's motion to strike is that "the Court lacks jurisdiction of the subject matter with respect to the merchandise identified in paragraph 4 of said complaint".

Initially, it should be pointed out that rule 4.7(b) does not provide for a motion to strike the complaint, but rather for a motion to dismiss the action.[1] However, rule 4.7(e) provides for a motion to strike, but not upon the ground urged by defendant—lack of jurisdiction of the subject matter.[2] Nevertheless, in acting upon this motion I shall grant defendant whatever relief appears appropriate under the circumstances herein, whether pursuant to rule 4.7(b) or rule 4.7(e).

Although the appeal for reappraisement filed pursuant to 19 U.S.C. § 1501 (1964) recites that "tape recorders" are the subject matter of the appeal, the complaint filed under rule 4.4 refers to "transistor radios, etc.".[3] Fundamentally, of course, this court has jurisdiction to grant relief respecting only the merchandise embraced by the appeal for reappraisement filed pursuant to § 1501, viz. tape recorders. Cf. *International Packers, Ltd.* v. *United States*, 55 Cust. Ct. 606, R.D. 11072 (1965). As indicated before, the complaint refers to "transistor radios, *etc.*" (emphasis added). It is not clear what, if any, merchandise is encompassed by "etc.". Under these circumstances, defendant's motion to strike is denied, conditioned upon filing by plaintiff of an amended complaint within twenty days from and after the date of service of this order, deleting the reference to transistor radios and covering only the tape recorders at issue in this action.

If upon the expiration of said twenty-day period, no such amended complaint shall have been filed by plaintiff, the complaint shall be deemed stricken and this action dismissed for failure to prosecute, without any further proceeding. In such event, the clerk is directed to enter an order of dismissal without further order.

---

[1] Rule 4.7(b) provides: "Defenses: How Presented: The following defenses may be made by a motion to dismiss the action: (1) that plaintiff has no standing in the matter; (2) lack of jurisdiction of the subject matter; (3) failure to perform conditions precedent; and (4) failure to state a claim upon which relief may be granted. A motion making any of these defenses may be made before answer".

[2] Rule 4.7(e) provides: "Motion To Strike: Upon motion of defendant before answer, or upon motion of plaintiff within 30 days after the service of the answer upon him, or upon the court's own motion at any time, the court may order stricken from the complaint or answer any redundant, immaterial, impertinent, or scandalous matter".

[3] In point of fact, no transistor radios appear on the entry papers.