(C.R.D. 73-37)

SUPERSCOPE, INC. *v.* UNITED STATES

Court No. 70/7833

(Dated December 20, 1973)

*Stein & Shostak* for the plaintiff.

*Irving Jaffe,* Acting Assistant Attorney General (*David A. Ast,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to strike the complaint filed on October 31, 1972 in this action "pursuant to the provisions of Rule 4.7(b)". The predicate of defendant's motion to strike is that "the Court lacks jurisdiction of the subject matter with respect to the merchandise identified in paragraphs 5 and 8 of said complaint".

Initially, it should be pointed out that rule 4.7(b) does not provide for a motion to strike the complaint, but rather for a motion to dismiss the action.[1] However, rule 4.7(e) provides for a motion to strike, but not upon the ground urged by defendant—lack of jurisdiction of the subject matter.[2] Nevertheless, in acting upon this motion I regard it as appropriate to grant defendant whatever relief appears indicated under the circumstances herein, whether pursuant to rule 4.7(b) or rule 4.7(e).

Although the protest filed pursuant to 19 U.S.C. § 1514 (1964) recites that "[s]witches and similar merchandise, etc., assessed with duty at 15.5% ad valorem under Item 685.90 of the Tariff Schedules of the United States" are the subject matter of the protest, paragraph 5 of the complaint filed pursuant to rule 4.4 states: "The merchandise covered by the subject protest was classified by the District Director of Customs as microphones, under Item 684.70 of the Tariff Schedules of the United States, as modified by T.D. 68-9, with duty at the rate of 13% ad valorem". And paragraph 8 of the complaint alleges: "The merchandise at issue consists of microphones containing remote con-

---

[1] Rule 4.7(b) provides: **Defenses: How Presented:** The following defenses may be made by a motion to dismiss the action : (1) that plaintiff has no standing in the matter; (2) lack of jurisdiction of the subject matter; (3) failure to perform conditions precedent; and (4) failure to state a claim upon which relief may be granted. A motion making any of these defenses may be made before answer".

[2] Rule 4.7(e) provides: "**Motion to Strike:** Upon motion of defendant before answer, or upon motion of plaintiff within 30 days after the service of the answer upon him, or upon the court's own motion at any time, the court may order stricken from the complaint or answer any redundant, immaterial, impertinent, or scandalous matter".

trol switches. Such articles are more than 'microphones' recited in Item 684.70 of the Tariff Schedules of the United States".

Defendant contends that the microphones referred to in the complaint are not within the scope of the protest, and that consequently the court lacks jurisdiction of such merchandise. I agree.

Fundamentally, of course, this court has jurisdiction of only the merchandise embraced by the protest; and it follows that a complaint under rule 4.4 may not include goods not originally involved in the protest. Cf. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037 (1932) ; *Distributors Import Co.* v. *United States*, 71 Cust. Ct. 298, C.R.D. 73–35 (1973) ; *Hudson Rissman* v. *United States*, 46 Cust Ct. 133, C.D. 2246 (1961) ; *Kaiser Reismann Corp* v. *United States*, 49 Cust. Ct. 236, Abstract 67068 (1962).

Applying the foregoing principle to the instant case, this court has no jurisdiction respecting the microphones referred to in the complaint, but rather has jurisdiction respecting only the switches embraced by the protest.

Turning now to the relief requested by defendant, it must be pointed out that "[m]otions to strike are not favored,"[3] and have been denied where defective complaints could be amended without prejudice to the defendant. *Tree Products Co.* v. *United States*, 71 Cust. Ct. 282, C.R.D. 73–30 (1973) ; *C. F. Liebert* v. *United States*, 71 Cust. Ct. 280, C.R.D. 73–29 (1973) ; *C.F. Liebert* v. *United States*, 71 Cust. Ct. 279, C.R.D. 73–28 (1973) ; *J. T. Steeb & Company* v. *United States*, 71 Cust. Ct. 268, C.R.D. 73–23 (1973). See also *Border Brokerage Co.* v. *United States*, 71 Cust. Ct. 263, C.R.D. 73–20 (1973) ; *Republic Novelty Co., Inc.* v. *United States*, 71 Cust. Ct. 271, C.R.D. 73–25 (1973) ; *Boise Cascade Corp.* v. *United States*, 71 Cust. Ct. 255, C.R.D. 73–17 (1973) ; *International Mercantile Corp.* v. *United States*, 71 Cust. Ct. 254, C.R.D. 73–16 (1973) ; *Bendix Mouldings, Inc., et al.* v. *United States*, 70 Cust. Ct. 343, C.R.D. 73–6 (1973).

Here, if permitted by the court, the defect in the complaint may be corrected by an amended complaint covering the merchandise referred to in the protest. Cf. *Distributors Import Co.*, *supra.* I see no serious prejudice to defendant if its motion to strike the complaint is denied and plaintiff is given an opportunity to file such an amended complaint. Accordingly, it is hereby ORDERED :

1. Defendant's motion to strike the complaint is denied at this time.

---

[3] Barron and Holtzoff (Wright), *Federal Practice and Procedure*, Vol. 1A, section 367 at 480. This treatise cites many federal district court cases where Fed. Rules Civ. Proc. rule 12(f), 28 U.S.C. is applicable ; that rule is similar to rule 4.7(e) of this court.

2. Plaintiff shall have a period of twenty days from and after the date of service of this order within which to file an amended complaint covering the merchandise referred to in the protest.

3. If upon the expiration of said twenty-day period, no such amended complaint shall have been filed by plaintiff, the complaint shall be deemed stricken and this action dismissed for failure to prosecute, without any further proceeding. In such event, the clerk is directed to enter an order of dismissal without further order.