(C.R.D. 74–1)

NADEL & SONS TOY CORP. ET AL. *v.* UNITED STATES

Court Nos. 66/55028, etc.

(Dated January 21, 1974)

*Serko & Sklaroff for the plaintiffs.*
*Irving Jaffe,* Acting Assistant Attorney General (*Robert B. Silverman,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved to dismiss these 23 actions for lack of prosecution. The basis of defendant's motion is that these suits were not removed from the October 1970 reserve file within the two-year period provided by rule 14.6(c), and accordingly should be dismissed for lack of prosecution pursuant to rules 8.3(b)(1) and 14.6(c).

Pursuant to rules 14.6(a) and 14.9(c), effective October 1, 1970,[1] these cases were among approximately 177,000 actions pending before the Customs Court which were placed in a classification designated as the October 1970 reserve file. Under rule 14.6(c) a period of two years, to and including October 31, 1972, was allowed during which time pending suits might be removed from the reserve file, or they would be dismissed automatically by the clerk for lack of prosecution upon the expiration of the time provided. Under rule 14.6(b) an action could be removed from the October 1970 reserve file by filing a complaint. It appears that on October 30 and 31, 1972 complaints were filed in all these cases, except in Court No. 69/19366.

Court No. 69/19366 was in the suspension disposition file, rather than in the reserve file; and inasmuch as that case was not removed

---

[1] October 1, 1970 is the effective date both of the Customs Courts Act of 1970, Pub. L. 91–271, and the present court rules.

from the suspension disposition file within the period of time fixed by the court, the case is now in the process of automatic dismissal by the clerk pursuant to the provisions of rule 14.8(c).[2] Hence, as to Court No. 69/19366, defendant's motion is moot and therefore is denied.

Concerning the other 22 cases, in which complaints have been filed, defendant contends that the merchandise described in the complaints is not embraced by the protests. An examination of these protests confirms defendant's contention.[3]

Fundamentally, this court has jurisdiction only of the merchandise embraced by the protests; it follows that the complaints filed under rule 4.4 may not include goods not originally involved in the protests. *Superscope, Inc.* v. *United States*, 71 Cust. Ct. 301, C.R.D. 73–37 (1973); also cf. *Distributors Import Co.* v. *United States*, 71 Cust. Ct. 298, C.R.D. 73–35 (1973). However, it has been held that a complaint which refers to merchandise not covered by the protest may, if permitted by the court, be amended to conform to the scope of the protest. *Superscope, Inc., supra.* Consequently, I conclude that these cases have been in fact and law removed from the October 1970 reserve file pursuant to rule 14.6(b) by the filing of complaints, albeit defective respecting the merchandise covered thereby. Furthermore, I see no serious prejudice to defendant if plaintiffs are given an opportunity to file amended complaints to correct the defect complained of.

Accordingly it is hereby ORDERED:

1. Defendant's motion to dismiss Court No. 69/19366 is denied, as moot.

2. a. Defendant's motion to dismiss the remaining 22 actions for lack of prosecution is denied at this time.

b. Plaintiffs shall have a period of thirty days from and after the date of service of this order within which to file 22 amended complaints, each complaint covering only the merchandise referred to in each of the protests.

c. If upon the expiration of said thirty-day period no such amended complaints shall have been filed by plaintiffs, these 22 actions shall be dismissed for lack of prosecution, without any further proceeding. In such event, the clerk is directed to enter an order of dismissal without further order.

---

[2] Rule 14.8(c) provides:

"(c) Dismissal for Lack of Prosecution: An action which is not removed from the suspension disposition file within a fixed period of time shall be dismissed for lack of prosecution, and in the absence of the filing of a motion under paragraph (e) of this rule the clerk shall enter an order of dismissal without further direction of the court. * * *"

[3] The complaints refer to "mustaches, masks and disguise sets with or without other words of description". The protests, however, cover a diversity of other articles, but do not include the merchandise described in the complaints.