(C.R.D. 77–11)

INTERNATIONAL MERCANTILE CORP. *v.* UNITED STATES

*Court No. 75–5–01050*

*(Dated September 27, 1977)*

*Stein, Shostak, Shostak & O'Hara, Inc.* (*Thomas R. Trager* of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*Sidney N. Weiss*, trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved pursuant to Rule 4.7(b) to dismiss this action for failure of the complaint to state a claim upon which relief may be granted. For the reasons indicated, the motion is denied.

176

A review of the summons and complaint clearly establishes that the issue presented for determination is whether the subject merchandise, certain mirror tiles, has a reflecting area of over one square foot. The complaint alleges *inter alia* that the mirror tiles measure "12 9/16 inches square in total surface area" (paragraph 4), and that the merchandise is properly dutiable under item 544.54, TSUS, as modified by T.D. 68–9, which provision requires that the mirrors provided for therein be over one square foot in reflecting area.

Although the factual allegation of the complaint with reference to reflecting area has been drafted somewhat inartistically, I think it is reasonably clear from the pleading that plaintiff is alleging that the mirror tiles measure 12 9/16 inches on each side (viz., 12 9/16″ x 12 9/16″), and plaintiff is claiming the mirror tiles are over one square foot in reflecting area. Accordingly, plaintiff has stated a claim upon which relief may be granted. If defendant wished greater specificity or further delineation of the facts pertaining to the reflecting area of the mirror tiles, the appropriate step was a motion pursuant to Rule 4.7(d) to make more definite and certain. Moreover, I have noted that plaintiff has indicated in its opposing memorandum that a request for consent of defendant to amend the complaint was refused, which refusal is not denied in defendant's reply.

At this juncture, I wish to emphasize that I am fully cognizant of—and entirely appreciative of—the government's and the importer's respective problems in litigation. And furthermore, that my bent of mind is to obviate difficulties and hurdles that are purely technical in nature, which may cast an unnecessary burden on a party. *Cf. Superscope, Inc.* v. *United States*, 71 Cust. Ct. 301, C.R.D. 73–37 (1973). Here, in light of plaintiff's factual allegation that the imported mirror tiles are 12 9/16 inches square and plaintiff's claim under item 544.54, TSUS, there is no doubt that plaintiff is claiming that the merchandise is over one square foot in reflecting area. Additionally, it is noted that the only difference between the provision under which the merchandise was assessed (item 544.51, TSUS) and the provision claimed to be correct by plaintiff (item 544.54, TSUS) is whether or not the mirror is over one square foot in reflecting area.

Under all the facts and circumstances, defendant's motion to dismiss is denied, and an order will be entered accordingly.